UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JUAN SOLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00113-JMS-MJD |
| | ) | |
| J.R. BELL Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Juan Solis, a federal inmate in the Federal Correctional Institution at Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Specifically, Solis argues that the Bureau of Prisons (BOP) was arbitrary and capricious in denying him early release and the denial violated his due process rights. *See* dkt. 1. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

## I. Legal Background

18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. *Lopez v. Davis*, 531 U.S. 230, 233 (2001). In 1990, Congress amended the statute to provide that "[t]he Bureau shall … make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Pub. L. 101–647, § 2903, 104 Stat. 4913. Four years later, Congress again amended § 3621 as part of the Violent Crime Control and Law Enforcement Act ("VCCLEA"), this time to provide incentives for prisoner participation in BOP drug treatment programs. *Lopez*, 531 U.S. at 233. Specifically, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may

not be more than one year from the term the prisoner must otherwise serve." Pub. L. 103–322, § 32001, 108 Stat. 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)) (emphasis added); *accord Lopez*, 531 U.S. at 233. The BOP issued regulations governing substance abuse treatment programs and inmate eligibility for early release consideration under § 3621. The final version of the regulation—codified at 28 C.F.R. § 550.58—categorically denied early release to inmates whose current offense was a "crime of violence" as defined at 18 U.S.C. § 924(c)(3). *See* 28 C.F.R. § 550.58. After a series of appellate court decisions, the BOP issued three new proposed rules and, in 2009, reissued the regulations at 28 C.F.R. § 550.55 to exclude offenses "involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii)." *Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Determination*, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009) (codified at 28 C.F.R. § 550.50 (2009)).

28 C.F.R. § 550.55 was revised in 2015. First, subsection (b)(4) was amended to limit review of an inmate's prior felony or misdemeanor convictions to those that occurred "within the ten years prior to the date of sentencing for [the inmate's] current commitment …." *See Drug Abuse Treatment Program*, 80 Fed. Reg. 43367, 43368 (July 22, 2015) (codified at 28 C.F.R. § 550.55 (2016)). Second, subsection (b)(6) was amended to clarify that, in addition to an "attempt" or "conspiracy" to commit an underlying offense listed in (b)(4) or (b)(5), "solicitation" to commit one of those qualifying offenses would also be considered. *Id*. The revised version of 28 C.F.R. § 550.55(b) became effective May 26, 2016. *See, e.g., United States v. Medina*, 2017 WL 5505795, at *1 (D. Mont. Nov. 16, 2017) (citing newest version of the regulation).

The determination of an inmate's 18 U.S.C. § 3621(e) early release eligibility is the responsibility of the BOP's Designation and Sentence Computation Center Legal Department ("DSCC Legal Department"). *See* dkt. 12-1. Two separate versions of BOP Program Statements relate to the procedures by which the DSCC Legal Department receives, processes, and evaluates inmates' requests for an 18 U.S.C. § 3621(e) early release eligibility determination: Program Statement 5331.02 and Program Statement 5162.05. Program Statement 5331.02 outlines the procedures the BOP must follow in implementing the early release program under 18 U.S.C. § 3621(e)(2). First, the Drug Abuse Program Coordinator ("DAPC") must determine whether an inmate is eligible for participation in the institution's drug treatment program. If so, the DAPC will then request an offense review from the DSCC Legal Department, and a final determination will be relayed to the DAPC by the DSCC Legal Department.

In evaluating whether an inmate is eligible for 18 U.S.C. § 3621(e) early release, the DSCC Legal Department engages in a two-step analysis. The first step of the analysis involves determining whether any of an inmate's current offenses of conviction preclude early release; the second step involves evaluating whether any prior offenses preclude early release.

For the first step, the DSCC Legal Department decides whether any one of an inmate's current offenses of conviction satisfies the criteria outlined both in the most recent version of the regulation and Program Statements. Specifically, if a current offense satisfies the criteria in 28 C.F.R. § 550.55(b)(5) and/or 28 C.F.R. § 550.55(b)(6) and is listed in one of the sections of PS 5162.05, then that current offense precludes early release.

For the second step in the analysis, the DSCC Legal Department reviews all of an inmate's prior adult felony and misdemeanor convictions that occurred within ten years before the sentencing date of the inmate's current federal offense of conviction to determine whether any

3

prior conviction constitutes one of the enumerated offenses listed in 28 C.F.R. § 550.55(b)(4), or whether a conviction constitutes "an attempt, conspiracy, or solicitation to commit" any offense listed in 28 C.F.R. § 550.55(b)(4). It is unnecessary to proceed to the second step of the analysis if an inmate is precluded from early release in the first step.

## II. Factual Background

On May 5, 2016, the United States District Court for the Northern District of Illinois sentenced Solis to a 124-month term of imprisonment for his conviction for Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 12-2.

In August 2016, Solis requested an 18 U.S.C. § 3621(e) early release eligibility determination. The BOP subsequently found him ineligible pursuant to the controlling regulation and relevant Program Statements. Dkt. 12-1 at 5-6. Specifically, Wesley Zurovec, a Paralegal Specialist within the DSCC Legal Department, determined that Solis was ineligible for 18 U.S.C. § 3621(e) release because his current offense conviction included the use or possession of a firearm and presented a serious potential risk of physical force against a person. *See* dkt. 12-5. In support, Zurovec noted that the United States Probation Officer recommended, as part of the Presentence Investigation Report ("PSR"), that the sentencing court adopt a two-level enhancement since Solis used or possessed a dangerous weapon in connection with his offense. Dkt. 12-1 at ¶ 17 (citing dkt. 13 at 7-8). Paragraph 21 of the PSR states that "[i]n the instant case[,] a weapon, a .38 caliber pistol[,] was possessed, which the defendant has acknowledged." Dkt. 13 at 7. Even though the sentencing court did not select a specific box in its Statement of Reasons ("SOR"), it is apparent from the SOR that the firearm enhancement was adopted, because the total offense level of 31 is consistent with the total offense level calculated in the PSR. Dkt. 13 at 2.

4

Solis sought a re-review of his 18 U.S.C. § 3621(e) ineligibility, and the re-review affirmed the September 14, 2016 ineligibility determination. Dkt. 12-1 ¶¶ 19–21. The BOP's final administrative decision affirmed Solis' 18 U.S.C. § 3621(e) ineligibility. *Id.* ¶ 21; *see also* dkt. 12-5.

Assistant General Counsel Allan John Baptiste also concurred with Zurovec's conclusions on the basis that the sentencing court's adoption of the firearm enhancement confirmed Solis' "carrying, possession or use of a firearm" was in connection with his drug offense. Accordingly, on September 14, 2016, he approved the BP-AO942 form. Dkt. 12-1 ¶ 18.

In July 2017, Solis requested that the DSCC Legal Department reconsider its September 14, 2016, decision and, in furtherance of that request, provided the BOP with a copy of his sentencing transcript. *Id.* ¶ 19. However, rather than supporting his view, the transcript further supported the BOP's prior determination, as the sentencing court's intention in adopting the two-level firearm enhancement was clearly articulated on the record. *See* dkt. 13 at 10-29. For example, the sentencing court unequivocally overruled defense counsel's objection to the two-level enhancement, stating instead: "I think technically the enhancement applies . . . . So I guess what I am saying is, I am overruling your objection for guidelines purposes but not for sentencing purposes, which may ultimately mean that I will do something called – like a departure or variance." *Id.* at 20. The court also confirmed on the record that the total offense level of 31 was correct, thereby matching the "31" contained in the PSR. *Id.* at 21.

Solis subsequently and properly appealed his ineligibility through the BOP's available administrative remedies. Dkt. 12-1 ¶ 21.

### III. Discussion

Solis challenges the BOP's refusal to grant him early release, arguing that the BOP's decision was arbitrary and capricious because it changed its theories and basis for denial over the course of his appeal. *See* dkt. 14. Specifically, on Form BP-A0942, the BOP checked off that Solis' current offense conviction was preclusive under both subsections (ii) and (iii) of 28 C.F.R. § 550.55(b)(5). Dkt. 12-5. However, in the response to his Central Office Administrative Remedy Appeal, the Appeals Administrator stated that Solis' conviction was precluded under subsections (i) and (iii) of 28 C.F.R. § 550.55(b)(5).[1]

Under 18 U.S.C. § 3621(e)(2)(B), Congress delegated to the BOP broad discretion to grant or deny the one-year reduction to eligible prisoners upon successful completion of the Residential Drug Abuse Program (RDAP). *Lopez*, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). Congress further specified that the BOP's discretionary determinations made pursuant to § 3621 are not subject to judicial review under the Administrative Procedures Act (APA). 18 U.S.C. § 3625.

Rather, "[s]ection 2241 allows a prisoner allows a prisoner to seek release if his continued custody violates the Constitution or federal laws." *Lopez v. Rios*, 553 F. App'x 610, 611 (7th Cir. 2014) (internal citations omitted). However, inmates have no constitutionally protected liberty interest in being released before the expiration of the full term of an otherwise valid term of imprisonment. *See Greenholtz v. Inmates of Nebr. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)

---

[1] Solis focuses on the Appeals Administrator's change in rationale from subsection (ii) to (i). He ignores that early release was also precluded under subsection (iii) because his current offense conviction "by its nature and conduct, presents a serious potential risk of physical force against the person or property of another." *See* dkt. 12-5. That rationale did not change. Moreover, the Appeals Administrator's change to subsection (i) appears to be a mere typographical error.

("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). In the prison context, a liberty interest is created in only one of two ways: either the Due Process Clause confers it (*Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995)), or an interest is created by statute (*id*. at 477–78, 483–84). However, where a statute establishes only a discretionary grant of a privilege, no liberty interest is created. *See id*. at 419 ("The hallmark of a statute that has not created a liberty interest is discretion. Where the statute grants the prison administration discretion, the government has conferred no right on the inmate."). Because 18 U.S.C. § 3621(e) confers discretionary authority to the BOP, it does not create any protected liberty interest for an inmate who successfully completes the RDAP. *See Lopez*, 531 U.S. at 241. Where there is no protected liberty interest, there cannot be a violation of the due process clause. *See Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016).

Solis has only alleged that the BOP's decision violated his due process rights. Because there are no due process rights attached to the BOP's decision to deny Solis early release, Solis has failed to show his continued incarceration violates the Constitution or any federal law.

## IV. Conclusion

Accordingly, Solis' § 2241 petition is **denied.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 2/11/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

7

Distribution:

JUAN SOLIS
44280-424
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov